# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CORPORAL DERRECK CLAGETT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-19-1252 |
| NAJA TALIBAH ZAHIR, aka ZAHIR EL, NAJA | * | |
| Defendant. | * | |
| | *** | |
| STATE OF MARYLAND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-19-1253 |
| NAJA TALIBAH ZAHIR, | * | |
| Defendant. | * | |
| | *** | |
| STATE OF MARYLAND, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-19-1254 |
| NAJA TALIBAH ZAHIR, | * | |
| Defendant. | * | |
| | *** | |

## **MEMORANDUM OPINION**

On April 29, 2019, naja zahir el[1] filed the above referenced cases, seeking to remove

---

[1] Pursuant to the signed Decree for Change of Name, zahir has officially changed her named to naja zahir el and consistently refers to herself without using capital letters. *See* ECF No. 1-4 at 1. The Court will refer to zahir in her preferred manner. To be very clear, zahir—regardless of the capitalization of her name—is bound by federal and state law. *See Capitalization*, Natural-Person, www natural-person.ca/capital html (explaining the sovereign citizen movement's unfounded and untrue ideas about how the capitalization of a name can affect legal rights) (last visited May 3, 2019).

various state criminal and traffic proceedings to this court, as well as assert civil claims. Due to the similarities, the Court reviews these cases together.

**I.    Background**

In Case Number 19-1252, zahir seeks to remove to this court criminal charges pending against her in the District Court of Maryland for Prince George's County in Case No. 6E00664131. ECF No. 1; ECF No. 1-2 (application for statement of charges). zahir was charged with breaking and entering into 12912 Vicar Woods Lane, Bowie, Maryland 20720, which is described as a vacant property owned by Wells Fargo Bank. ECF No. 1-2 at 1. She is also charged with forgery of private documents.[2] zahir provided the responding officer with "fraudulent documents from the Shaykamaxum Republic Federal Government a known sovereign citizen group, defending her claim to ownership to the property." *Id*. at 2. The officer determined that the documents were fraudulent and, based on another unrelated investigation of a squatter at the property, zahir was not the owner of the property. *Id*. zahir was released on her own recognizance and directed to not enter or be found near the property. ECF No. 1-6. Trial was set for April 15, 2019. *Id*. zahir failed to appear and a warrant issued for her arrest. *See* Maryland Judiciary Case Search, *State v. Zahir*, District Court for Prince George's County, Case Number 6E00664131.

In Case Number 19-1253, zahir seeks to remove to this court traffic charges pending against her in the District Court of Maryland for Prince George's County in Case Numbers 1SW0JJ3, 1SX0JJ3, 1SY0JJ3, 1SZ0JJ3, 1T00JJ3, 1T10JJ3, 1T20JJ3, 1T30JJ3, and 1T40JJ3. In

---

[2] *See* Maryland Judiciary Case Search, *State v. Zahir*, District Court for Prince George's County, Case Number 6E00664131, at
http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=6E00664131&loc=20&detailLoc=DSCR (last visited May 2, 2019).

those cases, zahir is charged with: driving without a license, knowingly driving an uninsured vehicle, knowingly using falsified vehicle documents, and related traffic offenses of failure to display a license on demand, unauthorized display and use of registration plate, driving without current tags, failure to display registration card on demand, operating an unregistered motor vehicle, and failure to maintain required security for vehicle during registration period. ECF No. 1; ECF No. 1-3 (bench warrant); ECF No. 1-5 at 2. (notice of trial date). Trial is set for May 29, 2019. ECF No. 1-5 at 1.

In Case Number 19-1254, zahir seeks to remove to this court criminal and traffic charges pending against her in the District Court of Maryland for Anne Arundel County in Case Numbers 1LH0JJ0, 1LJ0JJ0, 1LK0JJ0, 1LL0JJ0, and D07CR18010986. In Case Number 19-1254, she is charged with driving while suspended, possessing and using false government identification, fraudulent use of identification to avoid prosecution, driving with a suspended license, driving without required license and authorization, and displaying, causing or permitting to be displayed a fictitious license. ECF No. 1; ECF No. 1-1 at 2 (notice of trial date). The trial was set for April 12, 2019. ECF No. 1-1. zahir failed to appear for trial and a bench warrant issued. *See* Maryland Judiciary Case Search, *State v. Zahir*, District Court for Anne Arundel County, Case Number D-07-CR-18-010986.[3]

## II. Proceedings in Forma Pauperis

The Court grants each of zahir's motions to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 4, Case No. 19-1252; ECF No. 2, Case Nos. 19-1253, 19-2354. 28 U.S.C. § 1915(a)(1), permits an indigent litigant to commence an action in this court without

---

[3] *See* Maryland Judiciary Case Search, *State v. Zahir*, District Court for Anne Arundel County, Case Number D-07-CR-18-010986, at http://casesearch.courts.state.md.us/casesearch/ (last visited May 3, 2019).

prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to construe liberally self-represented pleadings such as zahir's complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-23 (4th Cir. 1989).

### III.     Removal of Criminal Cases

zahir cannot remove the criminal cases filed against her. The removal statute, 28 U.S.C. § 1441, states in relevant part that

> **any civil action** brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

§ 1441(a) (emphasis added). This statute does not authorize a criminal defendant to remove a case filed against her in state court to the federal court. Thus, zahir cannot remove her state criminal cases and the cases must be remanded.

4

**IV. Emergency Injunctions**

In each case, zahir has filed a request for "Emergency Injunction." *See* ECF No. 3, Case Nos. 19-1252, 19-1253, 19-1254.[4] zahir seeks an injunction so that she may "return to [her] home at 12912 Vicar Woods Lane, Bowie, Maryland, without harassment or risk of being abducted by Prince George's County Police." zahir explains that "[a]n order to stay away from [her] home was issued by the Commissioner on March 13th, in relation to case 6E00664131..." *Id*. She also explains that she did not appear for the previously scheduled state trials and warrants have been issued for her failure to appear. *Id*.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "'neither remote nor speculative, but actual and imminent.'" *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only

---

[4] Although the Court would not have jurisdiction to review these motions under the criminal case alone, zahir has asserted civil claims in a procedurally confused manner. Out of an abundance of caution, the Court reaches the question of whether emergency relief is warranted.

be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)).

zahir has not sustained her burden of demonstrating that her requested injunctive relief is warranted. She has not shown that an injunction is necessary to avoid irreparable harm or that she is likely to succeed on the merits. She provides no evidence that the state court order commanding she stay away from the property is invalid, nor does she provide any evidence that she has a legal interest in the property. Additionally, given that she has a forum for her complaints via the state criminal proceedings, which she failed to attend, the equities do not tip in her favor. Accordingly, the requests for injunctive relief are denied.

## V. Civil Claims

zahir also alleges "affirmative charges," including allegations that she was abducted by employees of the Anne Arundel County and Prince George's County Police Departments. ECF Nos. 5 & 6, Case No. 19-1252; ECF No. 4, Case No. 19-1253; ECF No. 4 & 5, Case No. 19-1254. Some of these claims appear to be related to her arrests in the underlying criminal matters she seeks to remove to this court. Other claims appear entirely unrelated.[5] To the extent zahir seeks to assert civil claims in federal court, rather than remove a state action, she may separately refile her federal complaint without reference to removal of the state criminal proceedings.

If zahir chooses to refile her civil claims, she is warned that federal courts have a "fundamental policy against federal interference with state criminal prosecutions." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). This doctrine, known as the *Younger* abstention, applies to the

---

[5] zahir's civil claims include fraud, misrepresentation, breach of contract, creation of false documents, human trafficking, abduction, abuse of power, coercion, extortion, misprision, "Clerk Court Order . . . Practice of law restricted," interference with commerce, and false claims. ECF No. 1 at 4, Nos. 19-1252, 19-1253, 19-1254.

situation where

> a § 1983 action is brought in federal court by a defendant in a pending state-court criminal action challenging on constitutional grounds either the very prosecution of the state action, or its conduct in particular ways, or the conduct of state officials of the prosecuting state in investigating or prosecuting the action. . . . [W]here the state criminal prosecution is pending, the comity concerns of *Younger v. Harris*, 401 U.S. 37, 43–45 (1971), and its progeny require abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action.

*Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989); *see also Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation marks omitted) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).

Review of zahir's filings demonstrates that her trials on the criminal and traffic charges lodged against her by the State of Maryland have not occurred, either because the trial date is upcoming, or because zahir failed to appear for trial. To the extent zahir challenges "the conduct of state officials . . . in investigating or prosecuting the charges underlying the criminal case[s]" *Traverso*, 874 F.2d at 212, the *Younger* abstention doctrine may apply.

Additionally, the court notes that language in zahir's filings parrots the language of the beliefs and rhetoric espoused by the "flesh and blood," American Moorish, and Sovereign Citizen movements, all of which have been uniformly rejected as legally frivolous by this and other courts across the country. "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100

7

Fed. Cl. 279, 282 (2011); *see also United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (describing "flesh and blood defense" and its anti-government roots); *United States v. Singleton*, No. 03 CR 175, 2004 WL 1102322, at *3 (N.D. Ill. May 7, 2004) (denying motion to dismiss for lack of jurisdiction based on argument that defendant was "a flesh and blood man"); *United States v. Secretary of Kansas*, No. 03-1170-JTM, 2003 WL 22472226, at *1 (D. Kan. Oct. 30, 2003) (describing how criminal defendant who filed a lien against property owned by federal judge sought dismissal of injunctive action filed by United States because he was "a flesh and blood man"); *Brown v. United States*, 105 F.3d 621, 622 (Fed. Cir. 1997) (describing an attempt to avoid payment of federal income taxes); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing criminal defendant's belief that he was above the laws of the United States); *Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753, 758 (W.D. Va 2007) (rejecting attempt to satisfy a mortgage with a Bill of Exchange that was based on "equal parts revisionist legal history and conspiracy theory"). Even allowing for liberal construction and the possibility that zahir is attempting to raise a novel claim, these assertions are void of any legal basis upon which relief sought might be granted and zahir is cautioned against relying on sovereign citizen arguments in future filings.

A separate Order follows.

5/3/2019  
Date

/S/  
Paula Xinis  
United States District Judge